UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TOMMY L. WHITE, SR.                                                                                     PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:11-cv-00061-FKB

CHRISTOPHER EPPS, ET AL.                                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment filed by Defendants (Docket No. 40), and two motions filed by Plaintiff, both for subpoena forms (Docket Nos. 43, 44).

FACTS AND HISTORY

This case is brought pursuant to 42 U.S.C. § 1983, by a prisoner proceeding *pro se* and *in forma pauperis.* Plaintiff claims that he is suffering serious health problems as a result of being exposed to second hand tobacco smoke while housed at the Central Mississippi Correctional Facility (CMCF), and that the facility violated state law by allowing smoking. Docket No. 1. Plaintiff sued Defendant Epps because he is the Director of the Mississippi Department of Corrections (MDOC), Defendant Bingham because she is Superintendent, Defendant Lee because he is Warden, Defendant Ladner because he is Associate Warden, Defendant Anderson as a "Senior Staff Official," Defendant Burkes as an "ACA Representative," and Defendant Petrie because he is the Administrative Remedy Program Legal Claims Adjudicator. Docket Nos. 1, 40-3. After his initial complaint was filed, Plaintiff added a claim against Defendant Jenkin (Docket No. 23), also an Associate Warden. Defendants have moved for summary judgment on the grounds that Plaintiff did not exhaust administrative remedies, has failed to demonstrate a constitutional violation, and has failed to establish a claim against any of the

defendants in their individual capacities.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." St. Amant v. Benoit, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" Howard v. City of Greenwood, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc., 695 F.2d 839, 845 (5th Cir.1983)).

## DISCUSSION

Though Defendants argue first that Plaintiff failed to exhaust administrative remedies, Plaintiff attached to his complaint a grievance, stamped received by CMCF in September 2009, concerning the allegations made in this lawsuit. Docket No. 1, p.6. Defendant Petrie submitted an affidavit, however, in support of the motion for summary judgment to the effect that Plaintiff had no grievance related to the issues in this case on file. Docket No. 40-3. It appears from testimony at the Spears[1] hearing in this matter that the grievance regarding this matter that

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Plaintiff attempted to file was not accepted because Plaintiff had a backlog of grievances on file. Docket No. 1, p. 8.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); see also Johnson v. Ford, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003)).

Plaintiff admits that he did not exhaust, though he contends that it is the fault of the defendants as they have ignored his grievance. This Court faced this issue with this same plaintiff in Civil Action No. 2:09-cv-171-KS-MTP. In that case, Judge Parker concluded that there was no impediment to Plaintiff filing a grievance attributable to Defendants and dismissed his complaint for failure to exhaust administrative remedies. Docket No. 27 in Civil Action No. 2:09-cv-171-KS-MTP. Judge Parker noted:

> The Fifth Circuit has recognized that the procedure of backlogging in a prison administrative remedy program is constitutional and does not excuse a prisoner's failure to exhaust. See Wilson v. Boise, 252 F.3d 1356, 2001 WL 422621, at *4 (5th Cir. Mar. 30, 2001). In affirming the district court's dismissal of plaintiff's claims for failing to exhaust, the Fifth Circuit reasoned as follows:
>
>> Wilson's backlogged claims result directly from his own litigiousness. Were we to hold prison authorities to the standard deadlines on all claims, prisoners could easily circumvent the requirement of exhaustion simply by filing voluminous numbers of complaints, knowing that the authorities would not be able to address all of them in a timely fashion. Requiring absolute exhaustion may seem harsh, but the prison regulations themselves allow for flexibility to avoid unjust results.

Civil Action No. 2:09-cv-00171-KS-MTP, Docket No. 27, p. 6. (quoting Wilson v. Boise, 252 F.3d 1356 (5th Cir. 2001)). This plaintiff, like Wilson, has filed numerous suits and is well-

familiar with the exhaustion requirement.  See, e.g., White v. Epps, Civil Action No. 2:09-cv-171-KS-MTP; White v. Epps, Civil Action No. 3:09-cv-661-TSL-FKB; White v. Epps, Civil Action No. 2:08-cv-111-KS-MTP; White v. Epps, Civil Action  No. 5:08-cv-164-DCB-MTP; White v. Epps, No. 3:08-cv-708-HTW-LRA; White v. MDOC, Civil Action No. 2:07-cv-305-MTP; White v. Warren, Civil Action No. 5:00-cv-00147-JCS.

## CONCLUSION

Based on the foregoing, Defendants' Motion (Docket No. 40) is granted, and Plaintiff's Motions (Docket Nos. 43 and 44) are denied.  Plaintiff's Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

SO ORDERED, this the 3rd day of July, 2012.


                                s/ F. Keith Ball
                                UNITED STATES MAGISTRATE JUDGE